United States Courts
Southern District of Texas
F I L E D

JAN 1 6 2024

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION

| | |
|---|---|
| LOUIS GALYNSKY, | § |
| *Plaintiff* | § |
| vs. | § CIVIL ACTION: |
| 1. JANEICE THOMAS, | § |
| 2. LUKE VANNORMAN, | § |
| 3. MOLLY MCCUTCHEN, | § |
| 4. OFFICER NANNY, | § |
| 5. OFFICER BECKER, | § |
| 6. MONTGOMERY COUNTY JAIL PRISON | § |
| GUARD/CORRECTIONAL OFFICER | |
| *Defendants.* | |

## COMPLAINT FOR A CIVIL CASE

Comes Now, Louis Galynsky, Plaintiff, and files this complaint against Janeice Thomas, Luke Vannorman, Molly Mccutchen, Officer Nanny, Officer Becker, Montgomery County Jail Prison Guard/Correctional Officer, and for causes of action would respectfully show as follows:

### I.   INTRODUCTION

1. Plaintiff Louis Galynsky is an individual who seeks redress for a series of alleged unlawful and malicious actions perpetrated against him by the Defendants. These actions have led to unwarranted legal consequences, including but not limited to false accusations, wrongful arrest, imprisonment, and the violation of his constitutional rights.

2. Defendant Janeice Thomas is accused of providing false testimony and accusations. Her actions allegedly led to unwarranted and malicious legal proceedings against the Plaintiff.

3. Prosecutors Luke Vannorman and Molly Mccutchen are identified as prosecutors who allegedly committed fraud by altering official statements. They are accused of giving these altered statements legal credibility and knowingly misrepresenting facts to the jury. Their actions are alleged to constitute prosecutorial misconduct and malicious prosecution.

4. Officers Nanny and Becker are identified as law enforcement officers. Their actions allegedly escalated a situation unnecessarily, leading to the wrongful arrest and imprisonment of the Plaintiff. They are further accused of violating the Plaintiff's constitutional rights by failing to issue a proper trespass notice and by elevating the situation based on a perceived lack of respect.

5. The action stems from an incident that took place in Conroe, specifically at the address 1200 N Loop 336 W, Conroe, TX 77301. As a result of this incident, the Plaintiff was charged with interfering and was subsequently found guilty by a jury. The Plaintiff has since appealed this verdict, citing malicious manipulation and fraudulent actions by the prosecution as the basis for the appeal.

6. The Plaintiff seeks a declaration from the court that the actions of the Defendants were unlawful, malicious, and in violation of his constitutional rights. In addition to this declaration, the Plaintiff is seeking compensatory and punitive damages. The total amount sought for these damages is $8 million. This amount is to cover the harm, both emotional and financial, that the Plaintiff alleges to have suffered due to the actions of the Defendants.

7. Plaintiff Louis Galynsky firmly believes that the actions of the Defendants were not only unjust but were also carried out with a clear intent to harm him and obstruct his rights. These actions have led to severe legal and emotional consequences for the Plaintiff. He believes that a thorough and comprehensive investigation into this matter is not only warranted but crucial. This investigation will serve to uncover the full extent of the harm caused by the Defendants and will ensure that justice is served.

## II. JURISDICTION AND VENUE

8. This Court possesses subject matter jurisdiction over the present action in accordance with 28 U.S.C. § 1331, which pertains to federal questions. The basis for invoking this jurisdiction is the involvement of allegations that encompass constitutional violations, malicious prosecution, and other purported unlawful actions committed by the Defendants.

9. The Court holds personal jurisdiction over the Defendants for several reasons:

a. The Defendants have their residence in Texas.

b. The actions that form the foundation of this complaint transpired in Texas.

c.   More specifically, these actions took place in MONTGOMERY COUNTY, TEXAS.

d.   The Defendants maintain sufficient minimum contacts with the state of Texas, thereby establishing a significant connection with the jurisdiction.

10. The venue for this case is appropriate in this Court as per 28 U.S.C. § 1391 for the following reasons:

a.   The Defendants have their residence within this judicial district.

b.   A significant portion of the events or omissions that have given rise to the claim occurred within this district.

c.   To be more precise, these events and omissions transpired in MONTGOMERY COUNTY, TEXAS.

11. MONTGOMERY COUNTY, TEXAS is deemed the suitable venue for this case due to the following:

a.   It is the exact location where the incident, which is central to this complaint, took place.

b.   The Defendants either conduct their business or execute their official responsibilities within this county.

c.   Louis Galynsky, the Plaintiff, experienced harm in MONTGOMERY COUNTY, TEXAS as a direct result of the actions undertaken by the Defendants.

### III. PARTIES

12. Plaintiff Louis Galynsky is an individual and a citizen of the state of California. Louis Galynsky was subjected to the unlawful and malicious actions orchestrated by the Defendants, as elaborated in the subsequent sections of this complaint.

13. Defendant - Janeice Thomas: Janeice Thomas is an individual whose specific residence, including the address, city, state, and ZIP code, remains to be confirmed. Janeice Thomas is accused of providing false testimony and making unfounded accusations. These actions led to unwarranted and malicious legal proceedings against the Plaintiff, Louis Galynsky.

14. Defendants - Luke Vannorman and Molly Mccutchen: Both Luke Vannorman and Molly Mccutchen are individuals. Their specific residences, including addresses, cities, states, and ZIP codes, are pending confirmation. Throughout the events detailed in this complaint, Luke Vannorman and Molly Mccutchen acted under the color of state law in their capacities as prosecutors. They are alleged to have committed fraud by modifying official statements to lend them unwarranted legal credibility. Furthermore, they are

accused of deliberately misrepresenting facts to the jury, actions that amount to prosecutorial misconduct and malicious prosecution.

15. Defendants - Officer Nanny and Officer Becker: Officer Nanny (whose full name is yet to be confirmed) and Officer Becker are individuals. Their specific residences, including addresses, cities, states, and ZIP codes, are awaiting confirmation. During the events described in this complaint, both Officer Nanny and Officer Becker acted under the color of state law, serving as law enforcement officers. They are alleged to have unnecessarily escalated a situation, resulting in the wrongful arrest and subsequent imprisonment of the Plaintiff, Louis Galynsky. They are further accused of violating the Plaintiff's constitutional rights by neglecting to issue an appropriate trespass notice and by intensifying the situation based on a perceived lack of respect from the Plaintiff.

16. The Defendant, Montgomery County Jail Prison Guard/Correctional Officer (hereinafter referred to as "Correctional Officer"), is an individual employed by Montgomery County Jail, located in Montgomery County, Texas. The Correctional Officer's specific identity is currently unknown to the Plaintiff but will be ascertained through the discovery process. The Correctional Officer is sued in his/her individual capacity for actions and omissions that occurred during the course of his/her employment at Montgomery County Jail.

## IV. FACTUAL ALLEGATIONS

17. **Incident and Initial Interaction:**

a. On January 28th, 2022, in Montgomery County, Texas, at the address 1200 N Loop 336 W, Conroe Tx 77301, the Plaintiff, Louis Galynsky, was involved in an incident leading to interactions with law enforcement and subsequent legal proceedings.

b. The Plaintiff was approached by Officer Nanny (full name to be confirmed) and Officer Becker, both of whom are Conroe police officers. Officer Nanny escalated the situation unnecessarily due to personal grievances, leading to the wrongful arrest and imprisonment of the Plaintiff.

18. **Unlawful Actions by Officer Nanny:**

a. Officer Nanny violated the Plaintiff's constitutional rights by failing to issue a proper trespass notice and by elevating the situation based on a perceived lack of respect.

**b.** Plaintiff was never given a lawful order to exit the vehicle, and the officer's reason for the request, respect, was declined by the Plaintiff, leading to further escalation.

**19. False Accusations by Janeice Thomas:**

**a.** Janeice Thomas, who was residing at the incident address at the time, provided false testimony and accusations, leading to unwarranted and malicious legal proceedings against the Plaintiff.

**b.** The underlying trespass charge, based on the false accusations by Janeice Thomas, was subsequently dismissed.

**20. Misuse of 911 by Janeice Thomas**

**a)** Janeice Thomas, in a clear violation of the principles set forth by the Silent or Abusive Calls to 911 Service offense in the state of Texas, knowingly and maliciously misused the 911 emergency service. Without any genuine emergency at hand, she deliberately called 911 as a retaliatory measure against the Plaintiff, Mr. Louis Galynsky, who was merely trying to retrieve his personal belongings.

**b)** This misuse of the service became even more evident when the subsequent trespass charge, which was based on her call, was dismissed in court. Despite attempts to give the charge legal credibility through fraudulent alterations, it failed to hold up in court.

**c)** The actions of Janeice Thomas were not only a misuse of emergency services but were also a calculated effort to instill a state of fear in the Plaintiff. Her intentions were twofold: to facilitate the theft of Mr. Galynsky's belongings and to retaliate against him for his efforts to prevent such theft.

**21. Fraudulent Actions by Prosecutor(s):**

**a.** Prosecutors Luke Vannorman and Molly Mccutchen, who are Montgomery county prosecutors, committed fraud by altering official statements to give them legal credibility.

**b.** The prosecutors knowingly misrepresented facts to the jury, constituting prosecutorial misconduct and malicious prosecution.

**22. Policies and Procedures:**

**a.** The Defendants acted in violation of established policies and procedures, which are deemed unconstitutional.

b.   The Defendants' actions also violated the Fair Labor Standards Act (FLSA) through various infractions.

**23. Training and Excessive Force:**

a.   The Defendants failed to adequately train their personnel, leading to the use of excessive force, cruel and unusual punishment, and unlawful detention against the Plaintiff.

b.   The Plaintiff was subjected to excessive force, false arrest, and false imprisonment as a direct result of the Defendants' inadequate training and policies.

**24. Dishonesty, False Statements, and Police Brutality:**

a.   The Defendants, through their actions and statements, engaged in dishonesty and made false statements that harmed the Plaintiff.

b.   Such actions led to the unlawful arrest, wrongful conviction, and further acts of police brutality against the Plaintiff.

c.   A complainant made a false police report, exacerbating the Plaintiff's legal and emotional distress.

**25. Violation of 42 U.S.C. § 1983 and § 1986:**

a.   The Defendants, acting under color of state law, deprived the Plaintiff of rights, privileges, or immunities secured by the Constitution and federal laws, in violation of 42 U.S.C. § 1983.

b.   The Defendants, having knowledge of wrongful acts and the power to prevent them, neglected or refused to do so, making them liable under 42 U.S.C. § 1986.

**26. War Crimes Act Violation:**

a.   The Defendants' actions can be classified under the War Crimes Act (18 U.S.C. §2441), which sets forth conduct the United States punishes as war crimes.

**27. Extortion, Abuse of Power, and Battery:**

a.   The Defendants engaged in acts of extortion, abused their power, and committed battery against the Plaintiff.

b.   Such actions are in violation of 18 U.S.C. § 241/242, which protects individuals from deprivation of their rights by those acting under color of law.

**28. Bail and Administrative Fee:**

a. After the conclusion of the legal proceedings, the Plaintiff, Louis Galynsky, expected the return of the bail amount posted. However, the Defendants unlawfully retained a portion of the bail, citing it as an "administrative fee."

b. Such retention of the bail amount without proper justification is illegal and constitutes an unjust enrichment at the expense of the Plaintiff.

c. Furthermore, the Defendants imposed an additional burden on the Plaintiff by requiring the bail refund request to be notarized. This not only resulted in additional financial costs but also demanded undue labor from the Plaintiff, tantamount to a form of modern-day servitude.

**29. Torture and Emotional Distress:**

a. During the course of the Plaintiff's interactions with the Defendants, the Plaintiff was subjected to actions that can be described as torturous. These actions were not only physically painful but also mentally and emotionally distressing.

b. The emotional distress suffered by the Plaintiff was a direct result of the Defendants' actions, which were malicious, intentional, and designed to intimidate, harm, and exert control over the Plaintiff.

**30. Claim of Slavery and Peonage Claim Under 18 u.s.c. § 158:**

a. The undue burdens placed upon the Plaintiff, including the requirement of notarization and the unjust retention of the bail amount, can be equated to a form of modern-day servitude or slavery. The Plaintiff was forced to undertake unnecessary tasks and bear additional costs, all for the benefit of the Defendants.

b. The Defendants, through their actions and conspiracies, subjected the Plaintiff, Louis Galynsky, to conditions that can be equated to peonage, a form of modern-day slavery, as prohibited under 18 U.S.C. § 1581. The specific facts and circumstances supporting this claim include:

   i. Forced Compliance Under Threat: The Plaintiff was subjected to conditions where he was forced to comply with the demands of the Defendants, particularly during his time in custody. This forced compliance was not voluntary but was under the implicit and explicit threats of further harm, punishment, or legal repercussions.

   ii. Deprivation of Basic Rights: While in custody, the Plaintiff was denied basic human rights, including the right to food, water, and proper sanitation. He was kept in

conditions where he was cold, starved, and forced to endure the smell of urine due to a broken toilet. Such conditions are reminiscent of the dehumanizing conditions under which slaves were kept.

   iii.  Physical and Mental Torture: The Plaintiff was subjected to physical harm, including being dragged out of the shower naked, having handcuffs applied too tightly, and being subjected to physical violence. Additionally, he was mentally tortured through demeaning and derogatory treatment, further stripping him of his dignity and humanity.

   iv.  Deprivation of Liberty: The Plaintiff's liberty was curtailed not just through physical detention but also through legal manipulations, including false charges and the threat of prolonged legal battles. This prolonged deprivation of liberty, based on false pretenses, is a hallmark of peonage where individuals are bound to serve against their will.

   v. Retaliation for Asserting Rights: The Plaintiff's attempts to assert his rights, such as seeking medical attention for injuries inflicted upon him or seeking redress for wrongs done to him, were met with further threats, false accusations, and legal manipulations. This retaliation for asserting one's rights is a tactic used to keep individuals in a state of bondage and fear.

c.  In light of the above facts and circumstances, it is evident that the actions of the Defendants against the Plaintiff were not isolated incidents of misconduct but were part of a broader pattern of behavior that can be equated to peonage under 18 U.S.C. § 1581.

**31. Malicious Prosecution and Appeal:**

a.  The Plaintiff was charged with interfering with an investigation, for which the Plaintiff was found guilty by a jury.

b.  The Plaintiff has appealed this verdict due to the malicious manipulation and fraudulent actions by the prosecution.

**32. Defamation and Misrepresentation:** While Janeice is directly implicated in acts of defamation, other unidentified entities further perpetuated this defamation by publishing Galynsky's mugshot online, thereby causing significant harm to his personal and professional reputation. This publication, combined with the misleading representation of Galynsky's legal status, has had lasting detrimental effects. It is noteworthy that had Galynsky accepted the proposed legal deal, the case against him would have been dismissed, further highlighting the premature and damaging nature of the publication.

33. **Acts of Theft:** Janeice exhibited behavior that threatened physical harm against Mr. Galynsky, invoking the potential involvement of a neighbor. In the absence of this neighbor, Janeice resorted to filing a false police report, further escalating the situation. Central to this entire incident was Janeice's attempt to unlawfully retain items Mr. Galynsky had purchased, effectively committing theft. This theft, particularly of health supplements and groceries, was the catalyst for the subsequent events.

34. **Legal Violations:** The actions against Galynsky are believed to be in violation of 18 USC § 1985, which prohibits conspiracies to interfere with civil rights. Additionally, potential violations of USC 241/242 are evident, given the apparent conspiracy to deprive Galynsky of his rights and the deprivation of those rights.

35. **Inhumane Treatment in Custody:** During his confinement, Galynsky was subjected to cruel and inhumane treatment. A jailer physically assaulted him, causing his head to collide with both a door and wall. He was unjustly placed in a "suicide watch" cell, despite no indications of suicidal tendencies. Within this cell, he was exposed to unsanitary conditions, including a malfunctioning toilet filled with urine and the presence of flies. Deprived of clothing, food, and subjected to cold temperatures, Galynsky endured significant physical and emotional distress. Notably, he was able to record a statement detailing this mistreatment, which will be presented as evidence.

36. **Religious Discrimination:** A recurring theme in Galynsky's ordeal was the apparent bias against him due to his Jewish heritage. He believes that Janeice's actions were motivated, at least in part, by anti-Semitic sentiments. Similarly, the differential treatment he received compared to a hypothetical "blond hair, blue-eyed woman" suggests a deep-seated bias on the part of the officers and prosecutors involved. This discrimination is central to the complaint, highlighting a systemic prejudice against Galynsky because of his Jewish identity.

37. **Blanket Accusation:** Given the interconnected nature of the events and the roles played by various individuals, this complaint asserts that all named parties are complicit in the violations detailed herein. Each party, whether through direct action or passive complicity, contributed to the injustices Galynsky experienced.

**38. Damages and Harm**: As a direct and proximate result of the Defendants' unlawful and malicious actions, the Plaintiff has suffered significant harm, including emotional distress, damage to reputation, loss of income, and other damages to be proven at trial.

## V.   CLAIMS FOR RELIEF

### 39. COUNT 1: VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983

a.   The Plaintiff, Louis Galynsky, incorporates by reference all preceding paragraphs.

b.   The Defendants, acting under color of state law, violated the Plaintiff's constitutional rights, including but not limited to the rights under the 4th, 5th, 6th, 8th, 9th, and 14th Amendments of the United States Constitution.

c.   As a result, the Plaintiff has suffered damages, including emotional distress, damage to reputation, and loss of income.

### 40. COUNT 2: FRAUD AND MISREPRESENTATION

a.   The Plaintiff, Louis Galynsky, incorporates by reference all preceding paragraphs.

b.   Defendants Luke Vannorman and Molly Mccutchen committed fraud by altering official statements and knowingly misrepresented facts to the jury, constituting prosecutorial misconduct and malicious prosecution.

c.   As a result, the Plaintiff has suffered damages, including emotional distress, damage to reputation, and loss of income.

### 41. COUNT 3: MALICIOUS PROSECUTION

a.   The Plaintiff, Louis Galynsky, incorporates by reference all preceding paragraphs.

b.   The Defendants acted with malice, without probable cause, and their actions led to the wrongful legal proceedings against the Plaintiff.

c.   As a result, the Plaintiff has suffered damages, including emotional distress, damage to reputation, and loss of income.

### 42. COUNT 4: DEFAMATION

a. The Plaintiff, Louis Galynsky, incorporates by reference all preceding paragraphs.

b. Defendant Janeice Thomas provided false testimony and accusations, which were defamatory and led to unwarranted and malicious legal proceedings against the Plaintiff.

c. As a result, the Plaintiff has suffered damages, including emotional distress, damage to reputation, and loss of income.

43. **COUNT 5: UNJUST RETENTION OF BAIL AND IMPOSITION OF ILLEGAL FEES**

   a. The Defendants unlawfully retained a portion of the bail amount posted by the Plaintiff, Louis Galynsky, under the pretext of an "administrative fee," without proper justification or legal basis.

   b. The Defendants' actions in this regard constitute an unjust enrichment at the expense of the Plaintiff and a violation of the Plaintiff's rights.

   c. The requirement imposed by the Defendants for the bail refund request to be notarized resulted in additional financial costs and undue labor for the Plaintiff.

44. **COUNT 6: TORTURE AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

   a. The Defendants subjected the Plaintiff to actions that were torturous, causing both physical pain and emotional distress.

   b. The emotional distress suffered by the Plaintiff was a direct and foreseeable consequence of the Defendants' malicious and intentional actions, designed to intimidate, harm, and exert control over the Plaintiff.

   c. The Defendants' actions in this regard were extreme and outrageous, going beyond the bounds of decency and being intolerable in a civilized society.

45. **COUNT 7: PEONAGE (MODERN-DAY SERVITUDE AND SLAVERY) 18 U.S.C. § 1589**

   a. The Plaintiff, Louis Galynsky, re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

   b. 18 U.S.C. § 1581 prohibits the holding of any person in "peonage," which is defined as a status or condition of involuntary servitude based upon real or alleged indebtedness.

   c. The Defendants, through a series of actions, threats, and coercive tactics, effectively held the Plaintiff in a condition akin to peonage, depriving him of his liberty, dignity, and basic human rights.

   d. The Plaintiff was subjected to conditions where he was forced to comply with the demands of the Defendants under the implicit and explicit threats of further harm, punishment, or legal repercussions.

e. While in custody, the Plaintiff was denied basic human rights and was kept in dehumanizing conditions, reminiscent of the conditions under which individuals held in peonage are kept.

f. The Plaintiff's liberty was curtailed through physical detention and legal manipulations, including false charges and the threat of prolonged legal battles, effectively binding him to serve against his will.

g. The Defendants' actions were not isolated incidents of misconduct but were part of a broader pattern of behavior intended to keep the Plaintiff in a state of fear, subservience, and bondage.

h. As a direct and proximate result of the Defendants' actions, the Plaintiff suffered physical harm, emotional distress, economic loss, and other damages.

i. The Plaintiff demands judgment against the Defendants for all damages allowable under the law, including compensatory and punitive damages, as well as attorney's fees, costs, and any other relief the Court deems just and proper.

**46. COUNT 8: VIOLATION OF DUE PROCESS AND PROPERTY RIGHTS**

a. By unlawfully retaining the Plaintiff's bail and imposing illegal fees, the Defendants violated the Plaintiff's due process rights and property rights.

b. The Defendants' actions deprived the Plaintiff of his property without due process of law, in violation of his constitutional rights.

**47. COUNT 10: VIOLATION OF POLICIES AND PROCEDURES**

a. The Defendants acted in violation of established policies and procedures, which are deemed unconstitutional.

b. The Defendants' actions also violated the Fair Labor Standards Act (FLSA) through various infractions.

c. The Defendants failed to adequately train their personnel, leading to the use of excessive force, cruel and unusual punishment, and unlawful detention against the Plaintiff.

**48. COUNT 11: MISUSE OF 911 SERVICE**

a. The Plaintiff, Louis Galynsky, re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

b. The misuse of the 911 service by Janeice Thomas, as described by the Silent or Abusive Calls to 911 Service offense in the state of Texas, constitutes a violation of the rights and protections afforded to the Plaintiff.

c. Janeice Thomas knowingly and maliciously called 911 without a genuine emergency, in a clear attempt to retaliate against the Plaintiff for his efforts to retrieve his belongings. Such misuse of emergency services not only jeopardizes the welfare of those in genuine need but also subjects innocent individuals, like the Plaintiff, to unwarranted scrutiny, fear, and potential harm.

d. The trespass charge against the Plaintiff, based on Janeice Thomas' call to 911, was later dismissed in trial. This charge had been fraudulently altered to give it legal credibility, further evidencing the malicious intent behind the misuse of the 911 service.

e. The misuse of the 911 service and the fraudulent trespass charge were not isolated incidents but were part of a broader scheme by the Defendants to instill fear in the Plaintiff, thereby keeping him in a state of fear, subservience, and bondage.

f. As a direct and proximate result of the Defendants' actions, specifically the misuse of the 911 service by Janeice Thomas, the Plaintiff suffered emotional distress, harm to his reputation, legal expenses, and other damages.

g. The Plaintiff demands judgment against the Defendants for all damages allowable under the law, including compensatory and punitive damages, as well as attorney's fees, costs, and any other relief the Court deems just and proper.

**49. COUNT 11: DISHONESTY AND FALSE STATEMENTS**

a. The Defendants, through their actions and statements, engaged in dishonesty and made false statements that harmed the Plaintiff.

b. Such actions led to the unlawful arrest, wrongful conviction, and further acts of police brutality against the Plaintiff.

c. The complainant made a false police report, exacerbating the Plaintiff's legal and emotional distress.

**50. COUNT 12: VIOLATION OF 42 U.S.C. § 1983 AND § 1986**

a. The Defendants, acting under color of state law, deprived the Plaintiff of rights, privileges, or immunities secured by the Constitution and federal laws, in violation of 42 U.S.C. § 1983.

**b.** The Defendants, having knowledge of wrongful acts and the power to prevent them, neglected or refused to do so, making them liable under 42 U.S.C. § 1986.

**51. COUNT 13: WAR CRIMES ACT VIOLATION**

**a.** The Defendants' actions can be classified under the War Crimes Act (18 U.S.C. §2441), which sets forth conduct the United States punishes as war crimes.

**b.** Such actions have caused significant harm to the Plaintiff and have violated international norms and principles.

**52. COUNT 14: EXTORTION, ABUSE OF POWER, AND BATTERY**

**a.** The Defendants engaged in acts of extortion, abused their power, and committed battery against the Plaintiff.

**b.** Such actions are in violation of 18 U.S.C. § 241/242, which protects individuals from deprivation of their rights by those acting under color of law.

**53. COUNT 15: DEFAMATION AND MISREPRESENTATION**

The Plaintiff, Louis Galynsky, alleges that Janeice, in conjunction with other unidentified entities, engaged in acts of defamation by publishing his mugshot online, causing irreparable harm to his personal and professional reputation. This act, in violation of Texas Civil Practice & Remedies Code § 73.001, has led to false public perceptions. The misleading representation of Galynsky's legal status, suggesting a conviction when none existed, further exacerbated the harm. The potential for case dismissal, had Galynsky accepted a legal deal, emphasizes the premature and injurious nature of these publications.

**54. COUNT 16: ACTS OF THEFT**

Janeice's refusal to return items rightfully belonging to Galynsky constitutes theft under Texas Penal Code § 31.03. This theft, especially of health supplements and groceries, was the primary instigator of the subsequent events.

**55. COUNT 17: LEGAL VIOLATIONS AND DEPRIVATION OF RIGHTS**

**a.** Galynsky asserts that the actions taken against him, both individually and collectively, constitute a violation of 18 USC § 1985, which prohibits conspiracies to interfere with civil rights. The series of events, from the false police report to the inhumane treatment in custody, suggests a coordinated effort to deprive him of his rights.

b.  Specifically, under 18 U.S.C. § 241 (Conspiracy Against Rights), it is unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person in the exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States. The following instances highlight the violations:

i.  False Police Report by Janeice: The act of filing a false police report, combined with the subsequent arrest and detention, indicates a conspiracy to deprive Galynsky of his liberty without just cause.

ii. Theft of Property: The initial refusal to return Galynsky's belongings, which led to the entire series of events, suggests a conspiracy to deprive him of his property without due process.

iii. Inhumane Treatment in Custody: The physical assault, unjust confinement in a "suicide watch" cell, and exposure to unsanitary conditions are indicative of Defendants conspiracy to subject Galynsky to cruel and unusual punishment. During his confinement, Galynsky was subjected to cruel and inhumane treatment, a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. This includes physical assault, unjust confinement in a "suicide watch" cell, exposure to unsanitary conditions, and deprivation of basic necessities. His treatment, particularly the physical assault, may also violate Texas Penal Code § 22.01 (Assault). He further asserts that he has evidence, in the form of a recorded statement, detailing this mistreatment.

iv. During the Plaintiff's confinement in the Montgomery County Jail, he was subjected to conditions that he asserts amount to torture, war crimes, crimes against humanity, and violations of his constitutional rights. Recognizing the gravity of his situation, the Plaintiff took the initiative to articulate and document these alleged violations.

v.  A video recording exists, captured from within the jail cell, where the Plaintiff can be seen and heard detailing the inhumane conditions and treatment he was subjected to. In this video:

vi. The Plaintiff explicitly states that he is not suicidal and that his placement in a suicide watch cell was a form of cruel and unusual punishment, solely because he refused a blood sugar test due to concerns about sanitation.

vii. He describes being starved, exposed to cold temperatures without clothing, and being subjected to unsanitary conditions, including a malfunctioning toilet filled with urine that would not flush, and the presence of flies around the stagnant urine.

viii. The Plaintiff emphasizes the emotional and psychological distress he endured during this confinement.

ix. He asserts that the treatment he received was not only a violation of his personal rights but also amounted to treason against the U.S. Constitution.

x. This video serves as a crucial piece of evidence, providing a firsthand account of the Plaintiff's experience and the conditions of his confinement. The Plaintiff intends to present this video to a jury to offer a clear and unfiltered perspective on the alleged violations he endured.

c. Furthermore, under 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law), it is unlawful for any person acting under color of law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States. The following actions demonstrate violations of this statute:

i. Unlawful Detention: Galynsky's arrest and subsequent detention, based on a false police report and without a legitimate investigation, deprived him of his right to liberty.

ii. Physical Assault in Custody: The actions of the jailer, including physical assault and confinement in unsanitary conditions, deprived Galynsky of his right to be free from cruel and unusual punishment.

iii. Religious Discrimination: Galynsky contends that he was subjected to discrimination based on his Jewish heritage, a violation of Title II of the Civil Rights Act of 1964, which prohibits discrimination because of race, color, religion, or national origin in certain places of public accommodation. He believes that the actions of Janeice, as well

as the differential treatment he received from officers and prosecutors, were motivated by anti-Semitic sentiments.

d.   In light of the above, Galynsky contends that there was a clear and coordinated effort by the involved Defendants to deprive him of his constitutionally protected rights, in direct violation of 18 U.S.C. §§ 241 and 242.

**56. COUNT 18: BLANKET ACCUSATION**

Given the interconnected nature of the events and the roles played by various individuals, Galynsky asserts that all named parties are complicit in the violations detailed in this complaint. Each party, through their actions or inactions, contributed to the injustices he experienced, potentially violating 42 U.S.C. § 1985 (Conspiracy to interfere with civil rights).

**57. Allocation of Profits for Humanitarian Agenda**

In the event that the Plaintiff, LOUIS GALYNSKY, is awarded any profits or monetary compensation as part of the relief sought in this lawsuit, he hereby solemnly commits to allocate and direct all such profits and compensation toward a dedicated humanitarian agenda or charitable cause. This commitment reflects the Plaintiff's unwavering dedication to fostering a positive impact on society and ensuring that any financial gains resulting from this legal action are channeled toward a greater good.

The Plaintiff respectfully requests that this Honorable Court consider these damages and provide the appropriate remedies under the law.

## VI. REQUEST FOR RELIEF

**58. WHEREFORE,** the Plaintiff, Louis Galynsky, respectfully requests that this Court:

a. Declare the actions of the Defendants as unlawful and in violation of the Plaintiff's constitutional and statutory rights under the 4th, 5th, 6th, 8th, 9th, and 14th Amendments of the United States Constitution.

b. Award compensatory damages in the amount of $8 million for the harm suffered due to the Defendants' actions, including but not limited to emotional distress, damage to reputation, and loss of income.

c. Award punitive damages in an amount to be determined at trial to punish the Defendants for their malicious and unlawful conduct and to deter similar conduct in the future.

d. Grant such other and further relief as this Court deems just and proper, including but not limited to attorney's fees and costs of this action.

e. All profit generated from this lawsuit will be directed towards humanitarian agendas and causes.

## VII. JURY DEMAND

59. The Plaintiff hereby demands a trial by jury on all issues so triable.

## VIII.   PRAYER FOR PROCESS

The Plaintiff prays for process to be issued and served upon the Defendants according to law.

Respectfully submitted,

Dated:    1/11/24

Louis Galynsky,

110 North Main,

St. Farmersville 75442

United States Courts
Southern District of Texas
FILED

JAN. 1 6 2024

Nathan Ochsner, Clerk of Court



US POSTAGE AND FE
GROUND ADVANTAG
Jan 11 2024
Mailed from ZIP
4 OZ GND ADV RATE
ZONE 3
10569188
Commercial Plus P

# USPS GROUND AD

BEN GALYN
113 OCEAN DR
VENTURA CA 93009

SHIP TO:
US DISTRICT COURT
ATTN: CLERKS OFFIC
515 RUSK ST
HOUSTON TX 77002-2

USPS TRACKIN

9400 1112 0621 043