United States District Court
Southern District of Texas
**ENTERED**
May 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOUIS GALYNSKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-24-202 |
| | § | |
| JANEICE THOMAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Louis Galynsky, is a former Montgomery County Jail inmate. Representing himself, he sued Janeice Thomas, Luke Vannorman, Molly McCutchen, Montgomery County Sheriff's Officer Nanny, Montgomery County Sheriff's Officer Becker, and an unidentified Montgomery County Jail Correctional Officer for alleged violations of his constitutional and other federal rights. (Docket Entry No. 1). Galynsky filed this action after his release from the Montgomery County Jail, and he paid the applicable filing fee. (*Id.* at 19). After the court notified Galynsky that he was responsible for service of process, Galynsky filed a motion seeking to have the United States Marshal Service serve process on his behalf. (Docket Entry No. 5). The court granted this motion, but also advised Galynsky that because he was not proceeding as a pauper, he would be responsible for paying the United States Marshal Service's fees for service of process. (Docket Entry No. 6). Galynsky responded with a motion asking the court to waive the fees for service of process. (Docket Entry No. 7). The court entered an order explaining that it could not waive the fees for service of process unless Galynsky was proceeding as a pauper. (Docket Entry No. 8). The court explained that Galynsky could file a motion to proceed without paying costs and that if leave to proceed without paying costs was granted, the court would arrange for service

of process by the United States Marshal Service for any claims remaining after screening under 28 U.S.C. § 1915A. (*Id.*). The court provided Galynsky with the required forms for seeking leave to proceed without paying costs and the forms required by the United States Marshal Service for service of process. (*Id.*). The court ordered Galynsky to return the completed forms before April 30, 2024, and warned him that failure to comply on time would result in dismissal of the action without further notice under Federal Rule of Civil Procedure 41(b).

To date, Galynsky has not filed either the motion for leave to proceed without paying costs or the forms required for service of process by the United States Marshal Service. His time to do so under the court's order has expired. Galynsky's failure to take action forces the court to conclude that he lacks due diligence. Dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (a district court may dismiss an action on its own for failure to prosecute or to comply with any court order).

Galynsky may seek relief from this order under Federal Rule of Civil Procedure 60(b) if he can show good cause for failing to comply with the court's order. Any motion under Rule 60(b) must be accompanied by a properly supported motion to proceed without paying costs and the completed forms for service of process required by the United States Marshal Service.

Galynsky's complaint, (Docket Entry No. 1), is dismissed without prejudice for want of prosecution. Any pending motions are denied as moot.

SIGNED on May 13, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge