Case 4:24-cv-00202   Document 26   Filed on 10/01/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
October 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LOUIS GALYNSKY a/k/a LOUIS VARGAS,[1] § § | |
| Plaintiff, § § | |
| vs. § | CIVIL ACTION NO. H-24-202 |
| § | |
| JANEICE THOMAS, *et al.*, § § | |
| Defendants. § | |

## ORDER DENYING MOTION TO RECUSE

The plaintiff, Louis Galynsky, a/k/a Louis Vargas, is a former Montgomery County Jail inmate. Representing himself, he sued Janeice Thomas, Luke Vannorman, Molly McCutchen, Montgomery County Sheriff's Officer Nanny, Montgomery County Sheriff's Officer Becker, and an unidentified Montgomery County Jail Correctional Officer for alleged violations of his constitutional and federal rights. (Docket Entry No. 1). Galynsky has paid the full filing fee, and he is not proceeding as a pauper. He has served process on at least some of the defendants, and motions to dismiss are pending. (Docket Entry Nos. 22, 23). Galynsky has now filed a letter motion that appears to seek recusal of the judge. (Docket Entry No. 25). Because Galynsky does not show that he is entitled to relief, his motion is denied.

Galynsky does not allege a legal basis for his motion, but recusal motions may be brought under either 28 U.S.C. § 144 or 28 U.S.C. § 455(a). Section 144 relates to charges of actual bias or prejudice, while § 455(a) relates to an appearance of bias or prejudice. *See Liteky v. United States*, 510 U.S. 540, 547-48 (1994). Section 144 provides, in pertinent part:

---

[1] In a letter motion filed with the court, Galynsky states that he has recently changed his last name to Vargas. (Docket Entry No. 25, p. 1). He does not include any documentation showing that he has legally changed his name. The court lists both names in an abundance of caution.

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. To be legally sufficient, the required affidavit must "(1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Patterson v. Mobil Oil Corp.,* 335 F.3d 476, 483 (5th Cir. 2003). When considering the motion, "the judge must pass on the sufficiency of the affidavit, but may not pass on the truth of the affidavit's allegations." *Id*. If the moving party fails to submit the required affidavit, the motion must be denied. *See United States v. Branch*, 850 F.2d 1080, 1083 (5th Cir. 1988).

Concerning claims of apparent rather than actual bias, § 455(a) requires the judge to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal under § 455(a) is warranted if a reasonable person who is aware of the circumstances surrounding a judge's failure to recuse would have legitimate doubts about that judge's impartiality. *See United States v. Morrison,* 833 F.3d 491, 506 (5th Cir. 2016).

Galynsky's letter motion is not accompanied by an affidavit. This failure alone requires that his recusal motion under § 144 be denied. And even if the court were to consider Galynsky's unsworn letter as an affidavit, the facts he alleges, accepted as true, would not convince a reasonable person that an actual bias exists.

Galynsky's motion alleges that it was unfair for the court to give him only a short time to serve process and to deny him the assistance of the U.S. Marshal's Service with serving process. Such "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555; *Morrison*, 833 F.3d at 507 ("Adverse trial rulings . . . do not establish

bias.") Instead, the party seeking recusal must allege facts showing that the bias or prejudice is personal in nature and arises from a source *other than* either the current or any prior judicial proceedings. *See Liteky*, 510 U.S. at 544-45; *see also Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003) ("[E]vents occurring or opinions expressed in the course of judicial proceedings" generally "do not support a bias or partiality challenge."). In addition, the facts must show that the judge holds "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Galynsky's allegations do not meet this standard. He does not allege that any of the court's rulings were based on opinions formed from an extrajudicial source, nor does he show that the court has demonstrated any antagonism toward him. The allegedly adverse rulings entered in this case, standing alone, are insufficient to demonstrate the bias necessary to warrant recusal. Further, Galynsky's allegations concerning the court's rulings are insufficient to raise legitimate doubts about the court's impartiality that would support recusal under § 455(a).

Galynsky fails to show that recusal his warranted. His letter motion to recuse, (Docket Entry No. 25), is denied.

SIGNED on October 1, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge