United States District Court
Southern District of Texas
**ENTERED**
November 20, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LOUIS GALYNSKY a/k/a LOUIS VARGAS,[1]  §<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>JANEICE THOMAS, *et al.*, §<br>§<br>§<br>§<br>Defendants. § | CIVIL ACTION NO. H-24-202 |

**MEMORANDUM OPINION AND ORDER**

Representing himself, Louis Galynsky, a/k/a Louis Vargas, sued Janeice Thomas, Assistant District Attorney Luke VanNorman, Assistant District Attorney Molly McCutchen, City of Conroe Police Officer Nanny, City of Conroe Police Officer Becker, and an unidentified "Montgomery County Jail Prison Guard/Correctional Officer," alleging violations of his constitutional, federal, and state-law rights. (Docket Entry No. 1). On October 23, 2024, the court dismissed Galynsky's claims against VanNorman, McCutchen, Nanny, Becker, and Thomas. (Docket Entry No. 27). The court also ordered Galynsky to show cause why his claims against the unidentified "Montgomery County Jail Prison Guard/Correctional Officer" should not be dismissed for improper service, improper service of process, and failure to state a claim. (*Id.* at 13-16). Galynsky responded to the court's order. (Docket Entry No. 28). Having reviewed the pleadings, Galynsky's response to the order to show cause, the record, and the law, the court dismisses Galynsky's action against the unidentified "Montgomery County Jail Prison Guard/Correctional

---

[1] In a letter motion filed with the court, Galynsky states that he has recently changed his last name to Vargas. (Docket Entry No. 25, p. 1). He does not include any documentation showing that he has legally changed his name. The court lists both names in an abundance of caution.

Officer," with prejudice because amendment would be futile. The reasons for this ruling are explained below.

**I.   Background**

In July 2023, a Montgomery County jury convicted Galynsky of one count of interference with public duties in Cause Number 22-364296. *See* Search Records, www.txcourts.gov (visited Oct. 1, 2024). He was sentenced to 180 days in jail, but the sentence was suspended in favor of a year of community supervision. *See* Case Search, www.odyssey.mctx.org (visited Oct. 3, 2024). Galynsky has appealed his judgment of conviction, and that appeal is pending in the Texas Ninth Court of Appeals. *See* Search Records, www.txcourts.gov (visited Nov. 15, 2024).

In January 2024, Galynsky filed this suit, raising a number of claims arising out of his arrest and prosecution on the Montgomery County charges. (Docket Entry No. 1). Galynsky alleged that the unidentified "Montgomery County Jail Prison Guard/Correctional Officer" subjected him to excessive force, cruel and unusual punishment, and religious discrimination while he was in jail before his trial. (*Id.* at 4, 7-9). Galynsky alleged that this guard physically assaulted him by pushing his head into a door and wall. (*Id.* at 9). Galynsky alleged that the guard "unjustly" placed him in a "suicide watch" cell, where he was exposed to unsanitary conditions and deprived of clothing and food. (*Id.*). Galynsky alleged that the mistreatment he suffered was based on "systemic prejudice" because he is Jewish. (*Id.*). Galynsky did not identify by name the guard who took these actions, did not clearly allege that all the actions were taken by a single guard, did not allege facts explaining how the incidents occurred, did not allege facts showing how what happened was motivated by religious discrimination, and did not identify the dates of the alleged actions.

Galynsky alleged that the guard violated his civil rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1986. (*Id.* at 6). He also alleged that the guard violated the conspiracy provisions of 42 U.S.C. § 1985; the War Crimes Act, 18 U.S.C. § 2441; and the peonage statute, 18 U.S.C. § 1581. (*Id.* at 6-9). In addition to these federal claims, Galynsky asserted what appear to be state law claims against the guard for battery, torture, intentional infliction of emotional distress, inhumane treatment, and religious discrimination. (*Id.*). As relief, Galynsky sought a declaratory judgment that the guard had violated his constitutional rights. (*Id.* at 2). He also sought money damages to compensate him for the emotional and financial harm he alleges he suffered as a result of the guard's actions. (*Id.*).

Because Galynsky is not proceeding as a pauper in this action, he was required to properly serve all the defendants with process. *See* FED. R. CIV. P. 4(c); *Spence v. Taylor*, No. 4:21-cv-00616-SDJ-CAN, 2022 WL 20804040, at *11 (E.D. Tex. Aug. 1, 2022) (a plaintiff who has paid the full filing fee must effect service of process on the defendants). Galynsky paid a private process server to serve process on the defendants. (Docket Entry No. 10). He filed returns of service purporting to show service of process on VanNorman, McCutchen, Becker, Nanny, and the unidentified "Montgomery County Jail Prison Guard/Correctional Officer." (Docket Entry Nos. 13, 17, 18, 19, 20).

VanNorman and McCutchen moved to dismiss the claims against them based on prosecutorial immunity. (Docket Entry No. 22). Becker and Nanny moved to dismiss the claims against them based on insufficient process. (Docket Entry No. 23). The court granted these motions on October 23, 2024. (Docket Entry No. 27). The court also dismissed Galynsky's claims against Thomas because Galynsky had never served her with process. (*Id.*). As to the claims against the unidentified "Montgomery County Jail Prison Guard/Correctional Officer," the court

3

ordered Galynsky to show cause why his claims should not be dismissed for insufficient process, insufficient service of process, and failure to state a claim. (*Id.*).

Galynsky filed his response to the court's order on November 12, 2024. (Docket Entry No. 28). In that response, he does not address the issues the court raised about insufficient process and insufficient service of process. (*Id.*). He does not address the failure to state a claim except to reassert the same facts he alleged in his original complaint. (*Id.*).

## II.     Discussion

### A.     Insufficient Process

Under Federal Rule of Civil Procedure 4(c), a plaintiff who is not proceeding as a pauper is responsible for properly serving the defendants with process. *See* FED. R. CIV. P. 4(c). To start the process of serving a defendant, the plaintiff must present a properly completed summons to the clerk of court for issuance. *See* FED. R. CIV. P. 4(b); *see also* S.D. TEX. L.R. 4 ("Parties other than prisoners must provide completed summons forms for issuance by the clerk."). For a summons to be "properly completed," it must name the court and the parties, state the name and address of the plaintiff or his attorney, state the time within which the defendant must appear and defend the allegations, and explain the consequences for failing to appear and defend. *See* FED. R. CIV. P. 4(a); *see also Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013). If the plaintiff presents a "properly completed" summons to the clerk, the clerk must sign, seal, and issue the summons for service on the defendant. *See* FED. R. CIV. P. 4(b). The plaintiff must then serve the signed and sealed summons along with a copy of the complaint on the defendant. *Id.*

While the failure to include the required information in a summons may warrant dismissal, "defects in the summonses are not fatal if they do not prejudice the defendant." *Coleman*, 969 F. Supp. 2d at 744 (cleaned up); *see also Lechner v. Citimortgage, Inc.*, No. 4:09-cv-302, 2009 WL

2356142, at *1 (N.D. Tex. July 29, 2009) ("[A]bsent a showing of prejudice to the defendant or evidence of flagrant disregard for the rules of procedure, 'a minor technical error' does not justify dismissal."). But a summons that does not contain the clerk's signature and the court's seal is void. *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) (citing 2 James W. Moore, *Moore's Federal Practice* § 4.05 (2d ed. 1996)); *see also Wells v. Ali*, 304 F. App'x 292, 295 (5th Cir. 2008) (per curiam) (summons was defective and so did not confer personal jurisdiction when it was not signed or sealed by the clerk of court); *Robinson v. City of Houston*, No. H-11-0654, 2011 WL 1806427, at *1 (S.D. Tex. May 11, 2011) (the court did not have jurisdiction over the defendants when the summons was not issued, signed, and sealed by the clerk of court); *Pickett v. City of Houston*, No. H-08-2734, 2009 WL 1158842, at *2 (S.D. Tex. Apr. 29, 2009) (same).

The court's electronic filing system reflects that Galynsky mailed a request for issuance of summonses to the Clerk, but the Clerk did not issue the summonses because Galynsky's request lacked his name and full address. (Docket Entry for Jan. 31, 2024). The Clerk notified Galynsky of the deficiencies by first-class mail, and that notice was never returned to the court. (*Id.*). Galynsky never submitted "properly completed" summonses to the Clerk for issuance except in connection with his specific request that the court order the Marshals Service to effect service of process on his behalf. No summonses have been issued by the Clerk in this case.

The court's records show that the summons Galynsky contends was served on the unidentified "Montgomery County Jail Prison Guard/Correctional Officer" is not signed by the Clerk and lacks an original court seal. It appears that Galynsky completed this summons and that it was not issued by the Clerk. Summonses not issued by the Clerk of Court are void and do not confer personal jurisdiction over the defendants receiving them. Because the summons allegedly

5

served on the unidentified "Montgomery County Jail Prison Guard/Correctional Officer" was not issued by the Clerk, the court does not have personal jurisdiction over the guard and lacks jurisdiction to adjudicate Galynsky's claims against him.

When service appears improper on its face, the plaintiff has the burden to show that service was properly made under Rule 4. *See Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir. Unit A 1981). The court gave Galynsky an opportunity to show that the summons allegedly served on the unidentified "Montgomery County Jail Prison Guard/Correctional Officer" was proper, but Galynsky did not address this issue in his response. Because the return of service appears improper on its face and because Galynsky has not shown that the summons was properly issued, his action against the unidentified "Montgomery County Jail Prison Guard/Correctional Officer" must be dismissed for insufficient service.

### B.     Insufficient Service of Process

In addition to serving a properly issued summons on the defendant, the plaintiff must also serve process in the manner prescribed by Rule 4. Under Rule 4(e), when a plaintiff seeks to serve process on an individual defendant, he must do so by one of the following methods:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e). Texas state law for serving process on an individual defendant requires the

plaintiff to either deliver the summons and complaint to the defendant in person or mail it to the defendant by registered or certified mail. *See* TEX. R. CIV. P. 106(a).

The return of service filed by Galynsky shows that the summons and complaint were delivered to the Montgomery County Central Jail and left with a "Lieutenant Gonzalez," who is described as a "bald Hispanic male" who was 45-55 years old, 6'0" to 6'2" tall, and weighed 240-300 pounds. (Docket Entry No. 13). The return of service identifies this person as a "registered agent." Because Galynsky does not allege that Lieutenant Gonzalez is, in fact, the unidentified "Montgomery County Jail Prison Guard/Correctional Officer" who he intends to sue, it does not appear that the summons and complaint were served in compliance with either federal or state law.

The court gave Galynsky an opportunity to show that service of process on the unidentified "Montgomery County Jail Prison Guard/Correctional Officer" was proper under either federal or state law, but Galynsky did not address this issue in his response. Because Galynsky has not carried his burden to show that service of process was properly made, his action against the unidentified "Montgomery County Jail Prison Guard/Correctional Officer" must be dismissed for insufficient service of process.

### C.    Failure to State a Claim

The court also ordered Galynsky to show cause why his complaint against the unidentified "Montgomery County Jail Prison Guard/Correctional Officer" should not be dismissed for failing to state a claim. To state a claim against this guard, Galynsky must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). This requires allegations concerning the identity of

the defendant, the dates of the alleged incidents, the factual circumstances surrounding the alleged incidents, and the specific harm that resulted from the alleged actions. Conclusory allegations, or allegations stating nothing more than that "the defendant unlawfully harmed me," are insufficient. *Id.*

In his original complaint, Galynsky alleged that the unidentified guard physically assaulted him by pushing his head into a door and wall. He alleged that he was "unjustly" placed in a "suicide watch" cell, where he was exposed to unsanitary conditions and deprived of clothing and food. As to his religious discrimination claim, Galynsky alleged that all the mistreatment he suffered was based on "systemic prejudice" due to his Jewish heritage. But he alleged no facts concerning the identity of the guard, no facts concerning how and when the incidents occurred, no facts concerning the identity of the jail officials involved in the alleged actions, and no facts demonstrating how or why any of these actions constituted religious discrimination.

The court gave Galynsky an opportunity to provide additional facts concerning the alleged incidents, but Galynsky's response contains no facts other than those contained in his initial complaint. He does not provide any facts that could be used to identify the unidentified "Montgomery County Jail Prison Guard/Correctional Officer." He does not allege facts showing that all the incidents involved the same individual guard. He does not describe how or when any of the alleged incidents occurred. There are simply no facts from which the court can make the reasonable inference that any particular individual is liable for the alleged misconduct. Galynsky's conclusory assertions that he was harmed by an unidentified guard are insufficient to state a claim upon which relief can be granted.

The court has the inherent authority to dismiss a complaint for failure to state a claim even in the absence of an appearance or motion by the defendant. *See, e.g., Gaffney v. State Farm Fire*

*& Cas. Co.*, 294 F. App'x 975, 976-77 (5th Cir. 2008) (per curiam) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)).  Because Galynsky's allegations are not legally sufficient to state a claim against the unidentified "Montgomery County Jail Prison Guard/Correctional Officer," his claims against the guard will be dismissed with prejudice for failing to state a claim upon which relief can be granted.  The dismissal is with prejudice because Galynsky has been given the opportunity to amend his allegations, and he failed to cure the many deficiencies in his complaint.  Further amendment would be futile.

### III.   Conclusion

Based on the above, the court orders as follows:

1. Galynsky's claims against the unidentified "Montgomery County Jail Prison Guard/Correctional Officer" are dismissed with prejudice for failing to state a claim upon which relief can be granted.
2. This action is dismissed against all defendants.
3. Final judgment is separately entered.
4. Any pending motions are dismissed as moot.

SIGNED on November 19, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge